NO. 07-04-0597-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 30, 2005


______________________________



In the MATTER of the MARRIAGE of BENITA HIGGINS 


and JOHNNY L. HIGGINS 
 

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 67,809-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Johnny L. Higgins (John) appeals from a divorce decree ending his marriage to
Benita Higgins (Benita). His two issues concern 1) the trial court's refusal to permit him to
tender evidence of the balance of the mortgage on Benita's separate real estate on the
date of their marriage, and 2) the purportedly unequal division of the marital estate in favor
of Benita. We affirm the judgment of the trial court. 

 Issue One - Exclusion of Evidence

 John initially attacks the trial court's decision to exclude the testimony from Benita
about the balance remaining on her mortgage at the time the couple married. He hoped
to use the evidence to prove that their marital estate was entitled to economic contribution
from her due to that estate's payment of her mortgage with community assets. Benita
objected to the admission of the evidence because John had failed to properly supplement
his answers to interrogatories propounded by her. Supplementation did not occur until the
day before trial. The trial court sustained the objection and excluded the evidence. 

 Before us, John argues that the trial court abused its discretion in ruling as it did. 
This is allegedly so since use of the evidence would not unfairly surprise Benita given that
the information was obtained from her. We overrule the issue. 

 Assuming arguendo that the trial court erred in ruling as it did, we find no harm
arising from the decision. This is so because the record before us contains no evidence
of the monetary contribution made by either the marital estate of Benita and John or the
separate estate of Benita. Both amounts are needed to calculate a claim for economic
contribution. See Tex. Fam. Code Ann. §3.403(b)(1) & (2) (Vernon Supp. 2005) (stating
that the amount of the claim equals the product of the equity in the benefitted property
times the fraction of the economic contribution made to the benefitted property by the
contributing property over the economic contribution made by the contributing property plus
the economic contribution made by the benefitted property). Without these amounts, it
does not matter what the balance of the mortgage was when John and Benita married for
the claim cannot be calculated. Given this, we cannot say that the trial court's decision
probably caused the rendition of an improper judgment or that it probably prevented John
from presenting the case to this court. Tex. R. App. P. 44.1(a)(1) & (2) (describing this as
the test for assessing harm).

 Issue Two - Unequal Property Division

 Next, John argues that the trial court erred in unequally distributing the marital
estate. Allegedly, Benita received 72% of it while he received 28%. We overrule the issue.

 John's supposition is founded on the belief that the net community estate equaled
$217,956.33. The source of that supposition goes unmentioned, however. Yet, if the
inventory of Benita is used as its basis, we cannot but conclude that the foundation
underlying his argument is wrong. 

 Of the $217,953.33 mentioned, $182,456.33 consisted of Benita's retirement
account. Next, the trial court found that account to be Benita's separate property and not
part of the community. Moreover, John does not attack that finding on appeal. So, the
community estate does not have a net value of $217,956 but rather $35,497. And, of the
$35,497, John received property having a net value approximating $23,500 while the net
value of the property received by Benita approximated $12,000. Having received almost
twice as much of the community estate as did Benita, John did not establish that the trial
court favored her in its division of the community estate. (1) Thus, we cannot say that it
abused its discretion in the manner suggested by John.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Chief Justice
1. This court further notes that though the retirement account was found to be the separate property
of Benita, the trial court awarded John 20% of it. This further detracts from his argument that he was
disfavored in the division of the property.